**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

NANDA KAR, et al.

                Plaintiffs,

        v.

HSBC BANK USA NA, et al.

                Defendants.

Civil Action No. 20-1416 (MAS) (ZNQ)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

       This matter comes before the Court upon Defendants HSBC Bank USA NA ("HSBC") and Nationstar Mortgage LLC's ("Nationstar") (collectively, "Defendants") Motion to Dismiss pro se Plaintiffs Nanda Kar and Silpy Kar's (collectively, "Plaintiffs") Complaint. (ECF No. 8.) Plaintiffs opposed. (ECF No. 10.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Defendants' Motion to Dismiss is granted.

**I.    BACKGROUND**[1]

    **A.    Mortgage Default**

       In September 2006, Plaintiffs obtained a $593,750.00 loan from Countrywide Bank, N.A. ("Countrywide"), secured by a mortgage on their residential property in East Brunswick, New

---

[1] For purposes of the instant Motion, the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) ("no presumptive truthfulness attaches to plaintiff's allegations").

Jersey (the "Property"). (Compl. *6,[2] ECF No. 1.) Approximately one year later, in August 2007, Countrywide sent Plaintiffs a notice of intention to foreclose following Plaintiffs' default on the loan. (Aug. 2007 Notice, Ex. A to Compl., ECF No. 1-3.) In January 2008, Countrywide assigned the mortgage to HSBC. (Public R. Doc. *5–6, Ex. B to Compl., ECF No. 1-4.) In June 2014, Nationstar, the loan's servicing agent, sent Plaintiffs a notice of intention to foreclose as the default remained uncured. (June 2014 Notice *64–66, Ex. C to Defs.' Moving Br., ECF No. 8-4.)[3]

### B. State Foreclosure Action

In January 2015, HSBC filed a foreclosure complaint against Plaintiffs in the Superior Court of New Jersey, Chancery Division, Middlesex County, bearing Docket No. F-1766-15 (the "State Foreclosure Action").[4] (Compl. *3, *6; 2015 Superior Ct. Compl. *2–8, Ex. A to Defs.' Moving Br.) Plaintiffs filed an answer contesting the foreclosure. (Answer *18–19.) There, Plaintiffs acknowledged that they defaulted on the loan but appear to have argued that they lacked sufficient knowledge to respond because the "mortgage ha[d] changed between so many entities." (*Id.*) HSBC then moved for summary judgment. (Summ. J. Mot. *21, Ex. C to Defs.' Moving Br.) In December 2015, the Superior Court entered an order granting HSBC's motion for summary

---

[2] Page numbers preceded by an asterisk refer to the page number on the ECF header.

[3] All citations to Defendants' Exhibits are contained in ECF No. 8-4.

[4] Plaintiffs assert that HSBC previously initiated a foreclosure action in 2008 bearing Docket No. F-2739-08. (Compl. *6.) According to Plaintiffs, the state court dismissed the 2008 matter because HSBC initiated the foreclosure proceedings without proper notice and because another entity also initiated a foreclosure proceeding at or about the same time. (*Id.*) Plaintiffs appear to argue that these "irregularities infected" the subsequent 2015 State Foreclosure Action at issue here. (*Id.*) Aside from Plaintiffs allegations, the circumstances surrounding the 2008 matter are unclear. Defendants do not appear to address the matter and Plaintiffs submit only the first page of HSBC's notice of motion for entry of final judgment and notice of lis pendens. (Notices *2, *8–9, Ex. B to Compl. ECF No. 1-4.) In any case, Plaintiffs raised, and the state court rejected, these allegations in the 2015 Foreclosure Action that they now seek to vacate. (*See* Answer *18–19, Ex. B to Defs.' Moving Br.) As discussed below, the *Rooker-Feldman* doctrine prohibits the Court from reviewing the 2015 Foreclosure Action.

2

judgment. (Ct. Order *140, Ex. D. to Defs.' Moving Br.) Plaintiffs subsequently filed for Chapter 7 bankruptcy, which stayed the State Foreclosure Action until the bankruptcy court issued a final decree in February 2018. (Compl. *7; Decree *150, Ex. F to Defs.' Moving Br.) Meanwhile, HSBC assigned the mortgage to Nationstar, which ultimately substituted HSBC as the plaintiff in the State Foreclosure Action. (Public R. Doc., Ex. F to Compl., ECF No. 1-8; Ct. Order *161, Ex. G to Defs.' Moving Br.)

In June 2019, the Superior Court entered a final judgment in favor of Nationstar in the State Foreclosure Action and ordered a sheriff's sale of the Property. (Compl. *3, *7; Final J. *165–67, Ex. H to Defs.' Moving Br.) Plaintiffs filed another Chapter 7 petition that again stayed the foreclosure matter until the bankruptcy court lifted the stay in November 2019. (Ct. Order *176–77, Ex. J to Defs.' Moving Br.) On January 31, 2020, Plaintiffs filed an emergent application for a stay of the sheriff's sale, which the Superior Court denied that same day. (Ct. Order *191, Ex. K to Defs.' Moving Br.) Consequently, the sheriff's sale took place as scheduled on February 5, 2020. (Compl. *3.) Defendants bid successfully and obtained the sheriff's deed of foreclosure. (Deed *201–06, Ex. M to Defs.' Moving Br.)

### C. Instant Action

On February 11, 2020, Plaintiffs filed the instant action against Defendants and their counsel, Defendant RAS Citron LLC ("RAS"). (*See generally* Compl.) Plaintiffs appear to make the following arguments in support of their position that Defendants brought a wrongful foreclosure action against them.

First, Plaintiffs assert that the Superior Court dismissed the initial 2008 foreclosure action because: (1) HSBC initiated a foreclosure proceeding without proper notice; and (2) another entity also initiated a foreclosure proceeding while claiming ownership of the mortgage. (*Id.* at *6.)

3

Therefore, Plaintiffs argue, "every piece of evidence" in that matter "bec[a]me infected [with] irregular[ities]." (*Id.*) Plaintiffs posit that the State Foreclosure Action is also infected with irregularities because it arose from the 2008 matter. (*Id.*) Furthermore, Plaintiffs allege that Defendants initiated the State Foreclosure Action without proper notice. (*Id.*)

Next, Plaintiffs state that RAS's attorney may have been ineligible to practice during the relevant period based on a "clerk's quality control message" entered on the docket regarding the attorney's address information. (*Id.* at *7.) In addition, Plaintiffs claim that the sheriff's sale improperly proceeded without a court order and while the instant action was pending. (*Id.* at *3.) Plaintiffs note that the redemption amount was approximately $1.2 million even though the Property was valued approximately $420,000.00. (*Id.* at *7.)

For these reasons, Plaintiffs request that the Court vacate both the final judgment entered in the State Foreclosure Action and the resulting sheriff's sale. (*Id.* at *4, *7.)

## II.   LEGAL STANDARD

It is well established that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Since subject matter jurisdiction is a threshold requirement for consideration of the sufficiency of the underlying claims, the Court's analysis begins there." *Frame v. Lowe*, No. 09-2673, 2010 WL 503024, at *5 (D.N.J. Feb. 8, 2010).

A motion to dismiss pursuant to Rule 12(b)(1)[5] challenges the existence of a federal court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A motion to dismiss for lack of subject-

---

[5] All references to a "Rule" or "Rules" refer to the Federal Rules of Civil Procedure, unless otherwise noted.

4

matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen*, 549 F.2d at 891.

A challenge under the *Rooker-Feldman* doctrine for lack of subject-matter jurisdiction is a factual challenge. *Mirayes v. O'Connor*, No. 13-934, 2013 WL 6501741, at *3 (D.N.J. Dec. 11, 2013). When evaluating a factual challenge, a court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. Unlike a facial analysis, no presumption of truth attaches to a plaintiff's allegations in a factual challenge and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* Furthermore, in a factual challenge, the plaintiff bears the burden of establishing that jurisdiction exists. *Id.*

Where a plaintiff proceeds pro se, the complaint must be "liberally construed" and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). A pro se litigant, however, "is not absolved from complying with *Twombly* and the federal pleading requirements merely because [she] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

## III. DISCUSSION

### A. The Court Lacks Subject-Matter Jurisdiction

Defendants argue that this Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine because Plaintiffs are seeking to overturn an adverse state court judgment. (Defs.' Moving Br. 4–6, ECF No. 8.) In opposition, Plaintiffs contend that the *Rooker-Feldman* doctrine "does not apply . . . because of [the] procedural defect[s]" in the State Foreclosure Action. (Pls.' Opp'n Br. *1, ECF No. 10.)

The *Rooker-Feldman* doctrine constitutes a bar to suits brought by the losing party in state court that "seek[] what in substance would be appellate review of the state judgment in a [federal] district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). The "party's recourse for an adverse decision in state court is an appeal to the appropriate state appellate court, and ultimately to the Supreme Court under § 1257, not a separate action in federal court." *Parkview Assocs. P'ship v. City of Lebanon*, 225 F.3d 321, 324 (3d Cir. 2000).

The *Rooker-Feldman* doctrine applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothchild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (alterations in original) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "The Third Circuit has specifically held that the *Rooker-Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision." *Nest v. Nationstar Mortg., LLC*, No. 16-4282, 2016 WL 4541871, at *2 (D.N.J. Aug. 31, 2016) (collecting cases).

Here, all four elements of the *Rooker-Feldman* doctrine are met. First, the Superior Court entered final judgment against Plaintiffs in the State Foreclosure Action. (Final J. *165–67.) Next, Plaintiffs are complaining of injuries caused by the final judgment: the sheriff's sale and deed transfer. (Compl. *3.) Third, the Superior Court issued the final judgment in June 2019 (Final J. *165), before Plaintiffs commenced the instant action in February 2020 (*See* Compl.). Finally, Plaintiffs are requesting that the Court vacate the final judgment and the resulting sheriff's sale. (Compl. *4, *7.) The instant action, therefore, is the functional equivalent of an appeal of the State

Foreclosure Action. To entertain Plaintiffs' challenge and grant relief would necessarily require the Court to review and invalidate the state court decision, a result that is inconsistent with the *Rooker-Feldman* doctrine. *Nest*, 2016 WL 4541871, at *2. The proper recourse for Plaintiffs is "an appeal to the appropriate state appellate court . . . not a separate action in federal court." *Parkview Assocs.*, 225 F.3d at 324. The Court, accordingly, finds that it lacks subject-matter jurisdiction.[6]

Having found that subject-matter jurisdiction is lacking, the Court denies Plaintiffs' pending motion (ECF No. 14) as moot.[7]

### B.     Further Amendment Would Be Futile

A court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant leave to amend pleadings, however, is within the sound discretion of the district court, and "[a]mong the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* (citation omitted). "In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (citation omitted).

Here, the allegations set forth in Plaintiffs' Complaint involve challenges to the State Foreclosure Action and resulting sheriff's sale. (*See generally* Compl.) As discussed, the *Rooker-Feldman* doctrine prohibits the Court from reviewing the state court decision. The Court, therefore, finds that "amendment would be futile because Plaintiff[s] would be unable to assert

---

[6] Because the Court finds that it lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine, the Court does not reach Defendants' remaining arguments.

[7] Plaintiffs filed a Motion to Dismiss with Prejudice and Award Clear Title.

7

any claims not barred by the *Rooker-Feldman* doctrine."[8] *Farzan v. J.P. Morgan Chase Bank N.A.*, No. 19-5156, 2019 WL 6339847, at *3 (D.N.J. Nov. 27, 2019) (granting dismissal with prejudice where the plaintiff sought to invalidate the underlying state foreclosure decision). The Court, accordingly, dismisses Plaintiffs' Complaint with prejudice.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is granted. Plaintiffs' Complaint is dismissed with prejudice and their pending motion is denied as moot. The Court will enter an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[8] To the extent the Complaint presents a claim that does not directly attack the state court judgment, the Court finds that it fails to state a claim upon which relief may be granted. Plaintiffs' Complaint is premised in part on the theory that RAC's attorney may have been ineligible to practice during the relevant period. (*See* Compl. 3 (the attorney's "status is not clear") Such speculative allegation is insufficient to survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) ("Factual allegations must be enough to raise a right to relief above a speculative level.") Indeed, Plaintiffs acknowledge that they raised, and the bankruptcy court rejected, the allegations against RAC's attorney. (Pls.' Opp'n Br. *2–3.) The Court also rejects Plaintiffs' claim that the sheriff's sale improperly proceeded without a court order and while the instant action was pending. (Compl. *3.) The final judgment ordered the sheriff's sale and the state court denied Plaintiffs' emergent application for a stay. (Final J. *165–67; Ct. Order *191.) Moreover, Plaintiffs' filed the instant action on February 11, 2020, *after* the sheriff's sale took place on February 5th. (*See* Compl.) The Court, therefore, finds that any claims that may fall outside the scope of the *Rooker-Feldman* doctrine would nevertheless be dismissed for failure to state a claim.

8